**John Chester TODD, Individually and as Representative of the Estate of Lynn Bethard Todd, Deceased, and Richard Bethard and Paula Bethard, Individually and as Parents of Lynn Bethard Todd, Appellants,**

v.

**PLANNED PARENTHOOD, L.C. Heider, International Cancer Screening Laboratories, Inc., and Sharon Rosenthal, Appellees.**

No. 05–92–01113–CV.

Court of Appeals of Texas, Dallas.

March 29, 1993.

Rehearing Denied May 6, 1993.

Law Offices of Vic Terry, P.C., Warren Hays, Dallas, for appellants.

Vinson & Elkins, L.L.P., Barbara Radnofsky, Houston, Lang, Ladon, Green, Coghlan & Fisher, P.C., Paul M. Green, San Antonio, Schell, Nicholas, Thompson, Beene & Vaughan, L.L.P., Kelly H. Thompson, Dallas, for appellees.

Before BAKER, OVARD and ROSENBERG, JJ.

## OPINION

ROSENBERG, Justice.

In this medical negligence case, John Chester Todd, Richard Bethard, and Paula Bethard brought suit for wrongful death and survival damages following the death of Lynn Bethard Todd. The trial court ruled that limitations barred appellants' claims and granted appellees' motions for summary judgment. The issue presented in this case is whether the open courts provision of the Texas Constitution pre-

vents the Medical Liability and Insurance Improvement Act's (Medical Liability Act) limitation period from barring appellants' wrongful death and survival causes of action. We affirm the judgment of the trial court because the open courts provision does not apply to statutory causes of action including the Wrongful Death Act and the Survival Act.

Lynn Bethard Todd (Todd) went to Planned Parenthood of Dallas and Northeast Texas, Inc. (Planned Parenthood) for a gynecological examination on December 16, 1987. As part of Todd's examination, Elsie Heider, a nurse at Planned Parenthood, took a pap smear. Planned Parenthood sent the pap smear to International Cancer Screening Laboratories, Inc. (ICS) for testing. A report prepared by ICS on December 22, 1987 and signed by Dr. Sharon Rosenthal stated that the test results were negative for malignant cells. On June 13, 1988, Todd went to Dr. E.W. Williams for treatment of a perceived vaginal infection. Dr. Williams performed cervical biopsies and discovered that Todd had cervical cancer. The doctor informed Todd of the cancer on June 15, 1988. Todd died as a result of the cancer on December 21, 1989.

Appellants filed suit for wrongful death and survival damages on August 6, 1990, alleging negligent medical care on the part of appellees in failing to diagnose, test, and properly treat Todd's cervical cancer. The parties stipulated that the date of the alleged tort by Planned Parenthood was December 16, 1987 and the date of the alleged tort by ICS and Rosenthal was December 22, 1987. Additionally, appellants stipulated that their wrongful death and survival actions were health care liability claims governed by the Medical Liability Act, the controlling statute of limitations is section 10.01 of that act, and the "discovery rule" did not apply to the case. The trial court granted appellees' motions for summary judgment on the basis that the two-year limitations period of the Medical Liability Act barred appellants' claims.

The only issue presented by this appeal is whether the open courts provision of the Texas Constitution prevents the Medical Liability Act's limitations period from barring appellants' wrongful death and survival causes of action.

■ Section 10.01 of the Medical Liability Act provides the limitations for filing suit as follows:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability.

TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1993). The legislative intent in enacting section 10.01 was to abolish the discovery rule in cases governed by the Medical Liability Act. *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex.1985). Section 10.01 imposes an absolute two-year statute of limitations regardless of when an injured party learns of the injuries. *See Id.*

■ Appellants contend that the trial court's enforcement of this statute of limitations in its summary-judgment orders violates the open courts provision of the Texas Constitution. The open courts provision of our constitution gives every person access to the Texas courts:

All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

TEX.CONST. art. I, § 13. The provision prevents the legislature from restricting or abrogating a common-law cause of action. *Id.* The rationale underlying this principle is that the legislature cannot create a remedy contingent upon an impossible condition. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348 at 355 (Tex.1990). The open courts provision renders statutes unconstitutional if they cut off a cause of action before the action is known to exist or before suit can

be brought. *See Nelson v. Krusen*, 678 S.W.2d 918, 923 (Tex.1984). To establish an open courts violation, appellants must show that (1) they have an established common law cause of action that is being restricted and (2) the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Moreno*, 787 S.W.2d at 355. The open courts provision does not apply to statutory claims. *See Rose v. Doctors Hosp.*, 801 S.W.2d 841, 845 (Tex.1990) (open courts provision does not prevent application of the Medical Liability Act's damages limitations in wrongful death cases).

■ At common-law there was no cause of action for wrongful death. *Witty v. American Gen. Capital Distribs., Inc.*, 727 S.W.2d 503, 504 (Tex.1987). Nor did an individual's action for personal injuries survive his death at common law. *Russell v. Ingersoll–Rand Co.*, 841 S.W.2d 343, 344 (Tex.1992). Through wrongful death and survival statutes, the legislature abolished the common-law rule that no cause of action may be brought for the death of another person. *Id.* at 344–45. Thus, wrongful death and survival actions are purely statutory. *Moreno*, 787 S.W.2d at 356.

Appellants, however, contend that because their case is based on an alleged misdiagnosis of cancer while Todd was alive, their case arose as a common-law cause of action. Consequently, appellants maintain that their claims were derived from a common-law cause of action and should continue to be treated as such. We recognize that victims of medical malpractice have a well-established common-law cause of action. *See Moreno*, 787 S.W.2d at 357. However, appellants' argument disregards that it is the Wrongful Death Act and Survival Act which creates their causes of action. TEX.CIV.PRAC. & REM.CODE ANN. §§ 71.001–011 & 71.021 (Vernon 1986). Appellants' right to bring their claims was conferred by statute, not by the common law. *See Rose*, 801 S.W.2d at 845.

■ Appellants also argue that if their causes of action are purely statutory, then the wrongful death statute of limitations must apply to this case and their action accrued at the time of Todd's death. TEX. CIV.PRAC. & REM.CODE ANN. § 16.003(b) (Vernon 1986). However, appellants stipulated that section 10.01 of article 4590i is the controlling statute of limitations. Regardless of the stipulation, section 10.01 provides the correct limitations period. Appellants' wrongful death and survival actions are health care liability claims governed by the Medical Liability Act. The act defines a health care liability claim as "a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care or health care or safety which proximately results in injury to or death of the patient...." TEX.REV. CIV.STAT.ANN. art. 4590i, § 1.03(a)(4) (Vernon Supp.1993). In a health care liability claim, section 10.01 applies "[n]otwithstanding any other law." TEX.REV.CIV. STAT.ANN. art. 4590i, § 10.01 (Vernon Supp. 1993). Section 16.003(b) is a "part of the 'other law' expressly made inapplicable by operation of the Medical Liability Act." *Shidaker v. Winsett*, 805 S.W.2d 941, 943 (Tex.App.—Amarillo 1991, writ denied); *Sanchez v. Memorial Medical Ctr. Hosp.*, 769 S.W.2d 656, 660 (Tex.App.—Corpus Christi 1989, no writ). *Contra Wilson v. Rudd*, 814 S.W.2d 818 (Tex.App.—Houston [14th Dist.] 1991, writ denied). Due to the clear language of section 10.01 and the nature of appellants' claims, we hold that section 16.003(b) is inapplicable to this case and that section 10.01 is the appropriate statute of limitations.

Furthermore, the Texas Supreme Court held that section 16.003(b) does not create a cause of action or resurrect one that expired with the decedent. *Russell*, 841 S.W.2d at 348. The court explained:

> Section 16.003(b) sets the time when a wrongful death action accrues, if it exists. It does not, however, provide that there is always an action to accrue. The Wrongful Death Statute allows an action by a decedent's beneficiaries "only if the individual injured would have been entitled to bring an action for the injury if he had lived." TEX.CIV.PRAC. & REM.CODE ANN. § 71.003(a). If a wrongful death

action exists, it accrues, not when the decedent was injured, but at his death, and the limitations period on that action begins to run at death. But if a wrongful death action does not exist because the decedent could not maintain an action on his own right immediately prior to his death, for whatever reason, then no wrongful death action ever accrues. If a decedent's own cause of action were barred by ... statute ... there is no wrongful death action to accrue.

*Russell,* 841 S.W.2d at 348. For the same reasons, the supreme court stated that a survival action is barred if a decedent's action based upon the same alleged wrong would have been barred by limitations had the action been asserted immediately before his death. *Russell,* 841 S.W.2d at 345. At the time of Todd's death, limitations barred a cause of action against Planned Parenthood and Heider for negligent medical care. Thus, appellants cannot bring a wrongful death or survival action against these two parties because Todd was barred from bringing an action in her own right prior to death.

We conclude the open courts provision does not render section 10.01 of article 4590i unconstitutional in this case. Appellants seek to recover in wrongful death and survival actions, which are purely statutory. The open courts provision is inapplicable to statutory causes of action; therefore, appellants are bound by the absolute two-year limitations period of section 10.01. Because appellants failed to file suit within two years of the alleged tort, appellants' claims are time barred. Thus, the trial court properly granted summary judgment on the limitations issue. We overrule appellants' point of error.

We affirm the judgment of the trial court.