Heberto Sanchez FELAN, Individually and as Representative of the Estate of Elisa Flores De Sanchez, Rosa Maria Sanchez Flores, Luz Del Carmen Sanchez Flores, Heberto Sanchez Flores, Armando Sanchez Flores, Maria Elisa Sanchez Flores, and Estela Del Rosario Sanchez Flores, Appellants,

v.

Gustavo RAMOS, M.D. and HCA Health Services of Texas, Inc., Appellees.

No. 13–92–007–CV.

Court of Appeals of Texas, Corpus Christi.

June 10, 1993.

Rehearing Overruled July 29, 1993.

---

Steven A. Owsley, Owsley & Associates, Joseph A. McDermott, III, Soape Brown McDermott, Houston, for appellants.

Ken Patterson, Patterson & Wagner, Harold J. Lotz, Jr., W. Wendell Hall, Martha J. Hess, Fulbright & Jaworski, San Antonio, Kevin J. Keith, Fowler, Wiles, Norton & Keith, Dallas, for appellees.

Before SEERDEN, KENNEDY, and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

SEERDEN, Justice.

This is a medical malpractice case in which the trial court granted summary judgment based on limitations. Appellants, by one point of error, maintain that the trial court's application of the two-year statute of limitations resulted in a violation of the Texas Constitution's open courts provision. Additionally, they assert that the survival and wrongful death actions are viable. We reverse and remand for further proceedings.

On June 6, 1988, Dr. Ramos performed surgery on Elisa Sanchez. It is alleged

that the surgery left her mentally incompetent. On March 13, 1991, Heberto Sanchez, as next friend of his wife, Elisa Sanchez, filed suit against Dr. Ramos and the hospital alleging medical malpractice. On July 26, 1991, Mrs. Sanchez died having never regained her mental competency. On October 17, 1991, Mr. Sanchez and his children amended the petition to assert a survival claim and wrongful death claims.

While Dr. Ramos asserts that there was no probative evidence presented to the trial court that Mrs. Sanchez was continuously mentally incompetent from the date of her surgery until the date Sanchez filed the lawsuit on her behalf, in his motion for summary judgment, he stated that "[Mrs.] Sanchez has remained in a state of unconsciousness since the June 6, 1988 surgery."

By their summary judgment motions, Dr. Ramos and the hospital asserted that the two-year medical malpractice statute of limitations barred the appellants' survival and wrongful death causes of action. *See* Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Vernon Pamphlet 1993). The trial court granted the appellees' motions for summary judgment.

■ A movant, asserting limitations as a basis for summary judgment, assumes the burden of proving as a matter of law that the suit is barred by limitations. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex. 1983); *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889 (Tex.1975). When appealing a summary judgment, the summary judgment movant's burden is to show no genuine issue of material fact exists. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). When reviewing the summary judgment evidence, we take as true evidence favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve all doubts in the non-movant's favor. *Id.*

The limitation on health care liability claims provides:

> Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability.

Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Vernon Pamphlet 1993). Initially, we note that applying this statute to the time periods in this case would bar the appellants' causes of action.

■ Appellants' position on appeal is that the trial court erred in granting the summary judgments because the statute of limitations was tolled following Mrs. Sanchez's surgery. The appellants assert that because the surgery left Mrs. Sanchez mentally incompetent she did not have the capability or opportunity to discover the wrong and bring suit within two years. Appellants maintain, the two-year statute of limitations period, as applied to Mrs. Sanchez, violates the open courts provision of the Texas Constitution.

Dr. Ramos and the hospital argue that the medical malpractice limitations statute is absolute, clear, and exclusive. They assert that any cause of action in this case is barred by limitations because suit was not filed within two years of the alleged tort. Also, they assert that the open courts argument is inapplicable because the only causes of action remaining after the death of Mrs. Sanchez are statutory survival and wrongful death actions to which an open courts challenge does not apply. They contend that because Mrs. Sanchez died, her common law cause of action initiated before her death ended along with any constitutional challenge to the medical malpractice limitations statute she may have had before her death.

■ Texas Constitution article I, section 13, mandates that the courts be open for litigants to pursue common law claims. The supreme court's underlying principle

when construing the open courts provision is that the legislature has no power to make a remedy contingent upon an impossible situation. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 355 (Tex.1990).

■ A litigant must satisfy two criteria before obtaining a right to redress under the open courts provision of the Texas Constitution. First, the litigant must have a cognizable common law cause of action that is being restricted. Second, the litigant must show that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute. *See Rose v. Doctor's Hosp.*, 801 S.W.2d 841, 843 (Tex.1990) (citing *Lucas v. United States*, 757 S.W.2d 687, 690 (Tex. 1988)).

Appellants alleged that application of the two-year statute cut off Mrs. Sanchez's cause of action before she knew or could have known that a cause of action existed. *Hellman v. Mateo*, 772 S.W.2d 64, 66 (Tex. 1989). Because Mrs. Sanchez remained incompetent until her death, she did not have a reasonable opportunity to discover the wrong and bring a malpractice suit within the two-year limitations period.

For their open courts argument appellants rely upon the summary judgment case *Tinkle v. Henderson*, 730 S.W.2d 163 (Tex.App.—Tyler 1987, writ ref'd). *Tinkle* was decided under the precursor to article 4590i, section 10.01. *See* Act of June 3, 1975, ch. 330, § 1, 1975 Tex.Gen.Laws 864, 865–66, *repealed by* Medical Liability and Insurance Improvement Act, ch. 817, pt. 4, 1977 Tex.Gen.Laws 2039, 2064.

In *Tinkle*, the plaintiff underwent a medical procedure on his right shoulder. The following day, while at the hospital, he suffered a severe morphine reaction. While being transferred to the intensive care unit, the plaintiff was without oxygen. The plaintiff contended by his lawsuit—filed more than two years after the alleged negligent act—that the period without oxygen left him mentally incapacitated to the extent that he could no longer handle his affairs. The defendant hospital moved for summary judgment based upon former article 5.82, section 4 of the Texas Insurance Code. The *Tinkle* court presumed the statute's validity, applied the two-part test for analyzing an open courts challenge, and held the statute of limitations, as applied to the mentally incompetent plaintiff, violated the open courts provision of the Texas Constitution. *Tinkle*, 730 S.W.2d at 166–67 (citing *Sax v. Votteler*, 648 S.W.2d 661 (Tex.1983)).

Following the *Tinkle* court's reasoning, because the wrongful act resulted in Mrs. Sanchez remaining incompetent until death, we conclude that she should not have been bound by the two-year statute of limitations to assert her common law negligence cause of action. *See Tinkle*, 730 S.W.2d at 166. As the *Tinkle* court noted, traditionally, the interests of minors, incompetents, and other helpless persons are viewed in law as substantially similar. *Id.* In many respects, mentally incompetent persons present a more compelling case for legal protection because, frequently, they are less communicative and more vulnerable than children. *Id.* We conclude that article 4590i, section 10.01 violates the open courts provision of the Texas Constitution under the facts in the case before us.

The Legislature enacted the Medical Liability and Insurance Improvement Act because it perceived a medical malpractice insurance crisis in Texas. *See* Tex.Rev.Civ. Stat.Ann. art. 4590i, § 1.02(a) (Vernon Pamphlet 1993). Additionally, the Legislature provided that the Act must be interpreted in a manner that will not restrict a claimant's rights any more than necessary. *See* Tex.Rev.Civ.Stat.Ann. art. 4590i, § 1.02(b) (Vernon Pamphlet 1993).

The two-year statute of limitations unreasonably restricted Mrs. Sanchez's cognizable cause of action for medical malpractice. Additionally, we hold the two-year statute of limitations is unreasonable or arbitrary as applied, after considering Mrs. Sanchez's incompetency and balancing the purpose and basis of the Medical Liability and Insurance Improvement Act.

■ We conclude that the medical malpractice statute of limitations was tolled because the malpractice act rendered Mrs.

Sanchez incompetent. The fact that Mrs. Sanchez died during the pendency of her common law negligence action did not extinguish her claim because of the provisions in the Texas Survival Act.

*Survival Action*

■■■ At common law, an individual's action for personal injuries did not survive death. *Id.* However, the Texas Legislature abrogated that rule, and now, by statute, a decedent's personal injury action survives death and may be prosecuted on his behalf. Tex.Civ.Prac. & Rem.Code Ann. § 71.021(a) (Vernon 1986). The purpose of the Texas Survival Act is to continue a decedent's cause of action beyond death to redress decedent's estate for decedents's injuries. *Russell v. Ingersoll–Rand Co.,* 795 S.W.2d 243, 245 (Tex.App.—Houston [1st Dist.] 1990), *aff'd,* 841 S.W.2d 343 (Tex.1992). Thus, a cause of action for personal injury does not abate because of the death of an injured person. Tex.Civ. Prac. & Rem.Code Ann. § 71.021(a) (Vernon 1986). Rather, the personal injury action survives the injured person's death and may be prosecuted on his behalf. *Russell,* 841 S.W.2d at 344–45; Tex.Civ.Prac. & Rem.Code Ann. § 71.021(b) (Vernon 1986).

■■■ The actionable wrong in a survival action is that which the decedent suffered before death. *Russell,* 841 S.W.2d at 345 (citing *Landers v. B.F. Goodrich Co.,* 369 S.W.2d 33, 35 (Tex.1963)). The damages recoverable are those which the decedent sustained while alive. *Id.* Any recovery obtained flows to those who would have received it had the decedent obtained a damages recovery immediately prior to death. *Id.*

■■■ In determining whether a survival action is viable, if the decedent's action would not have been barred at death, the running of the limitations period for a survival action is tolled by the decedent's death for up to one year. *Id.* (citing Tex. Civ.Prac. & Rem.Code Ann. § 16.062 (Vernon 1986)). Conversely, if a decedent's action would have been barred by limitations had it been asserted immediately prior to death, a survival action based upon the same alleged wrong is likewise barred. *Id.* Defenses that could have been raised against a claim by the injured person if alive may be raised against the same claim asserted by the heirs or estate in the survival action. *Id.* (citing *Castleberry v. Goolsby Bldg. Corp.,* 617 S.W.2d 665 (Tex. 1981)).

■■■ We conclude that because Mrs. Sanchez remained incompetent until her death, the statute of limitations was unconstitutional as applied to the facts of this case and her common law action was viable at the time of her death. Because we hold that her common law action was not extinguished at her death, we also conclude that the survival action, timely brought, is also a viable cause of action.

*Wrongful Death*

■■■ The Wrongful Death Statute allows an action by a decedent's beneficiary only if the person injured would have been entitled to bring an action for the injury if he had lived. *Russell,* 841 S.W.2d at 345; Tex.Civ.Prac. & Rem.Code Ann. § 71.003(a) (Vernon 1986). Additionally, the cause of action for wrongful death accrues, if at all, on the date of death of the injured person. *Russell,* 841 S.W.2d at 348; Tex.Civ.Prac. & Rem.Code Ann. § 16.003(b) (Vernon 1986). But, if a wrongful death action does not exist because the decedent could not maintain an action in its own right immediately before death, for whatever reason, then no wrongful death action ever accrues. *Russell,* 841 S.W.2d at 348. Thus, the right of a statutory beneficiary to maintain a wrongful death action is entirely derivative of the decedent's right to have sued for his own injuries immediately before death, and is subject to the same defenses to which the decedent's action would have been subject. *Id.* at 347.

The plaintiffs in *Russell* argued that because a wrongful death action does not accrue until the death of the injured party, even if the decedent's own action is barred by limitations, the wrongful death action was not. *Id.* at 348. The *Russell* court held that because the decedent's cause of

action was barred by the statute of limitations such that the decedent could not have maintained a cause of action just before death, likewise, the wrongful death actions were barred.

We determined above that the statute of limitations as applied to Mrs. Sanchez was unconstitutional, and was tolled because of her incompetency resulting from the alleged medical malpractice act. Because we concluded that the statute was tolled, at the time of Mrs. Sanchez's death her common law negligence action was viable. Therefore, any wrongful death causes of action accrued on the day Mrs. Sanchez died. Tex.Civ.Prac. & Rem.Code Ann. § 71.003(a) (Vernon 1986). The wrongful death actions had to be initiated within one year of Mrs. Sanchez's death. Tex.Civ. Prac. & Rem.Code Ann. § 16.003(b) (Vernon 1986). Because Mrs. Sanchez had a viable common law action at the time of her death, we conclude that the wrongful death actions, timely brought within one year of Mrs. Sanchez's death, were viable.

We conclude that the summary judgment evidence does not show that the appellees were entitled to judgment as a matter of law based upon limitations. We sustain appellants' point of error. We reverse and remand for further proceedings.