Anna ARREDONDO, Individually and On
Behalf of the Estate of Alexander
Trent Arredondo, Appellant,

v.

Robert L.M. HILLIARD, M.D.; Robert A.
Westbrook, M.D., and Baptist Memorial
Hospital System, Appellees.

No. 04–94–00376–CV.

Court of Appeals of Texas,
San Antonio.

June 28, 1995.

Rehearing Overruled Aug. 17, 1995.

Peter J. Balega, Sean F. O'Neill, O'Neill & Balega, Thomas G. Kemmy, San Antonio, for appellant.

George F. Evans, Jr., Ruth Greenfield Malinas, Ryan G. Anderson, Ball & Weed, P.C., Clem V. Lyons, Irene Alarcon Rios, Lyons & Rhodes, Inc., Bruce E. Anderson, Brin & Brin, P.C., San Antonio, Thomas F. Nye, Linda C. Breck, Brin & Brin, P.C., Corpus Christi, for appellee.

Before CHAPA, C.J., and DUNCAN and BUTTS, JJ.

## OPINION

BUTTS, Justice [1].

This appeal is from summary judgments based on limitations in wrongful death actions. Anna Arredondo, individually and as administratrix of the Estate of Alexander Arredondo, sued under the Texas Wrongful Death Act, alleging that the negligence of Doctors Robert L.M. Hilliard, Robert A. Westbrook, and the Baptist Memorial Hospital System caused the death of Arredondo's newborn son, Alexander. We reverse.

All defendants moved for summary judgment, relying on the affirmative defense of limitations. The trial court granted summary judgment on each wrongful death claim based solely on the statute of limitations, TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Pamph.1995).[2] The court then severed the wrongful death claims from the survival claims, reserving those for trial.

The summary judgment record is undisputed that Arredondo was admitted to Baptist Hospital (Baptist) for induction of labor on July 16, 1991, giving birth to Alexander by caesarean section on the morning of July 17, 1991. Less than four hours after delivery, Alexander was transferred to Medical Center Hospital (not a party to this appeal), where he died on July 19, 1991.

Arredondo gave notice of the wrongful death claims on July 19, 1993, and filed the original petition on that same date.[3] She asserts in one point of error that the trial court erred in granting summary judgment. Her arguments include: that section 10.01 limitations does not apply; that if it does apply, the defendants fraudulently concealed the causes of action; that there is a violation of the open courts guarantee of the Texas Constitution and denial of due process; and that the statute of limitations are tolled in any event because of the minority of Alexander.

### Standard of Review

The issue on appeal from a summary judgment is whether the movant established as a matter of law his entitlement to summary judgment by conclusively proving that no genuine issue of material fact exists as to his cause of action or defense. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970); TEX.R.CIV.P. 166a. By moving for summary judgment based on the running of limitations, the defendants assumed the burden of establishing as a matter of law that the suit was barred by limitations. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983) (per curiam); *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975).

The supreme court further clarified the standard of review:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

2. References are to TEX.REV.CIV.STAT.ANN. art. 4590i (Vernon Pamph.1995), the medical malpractice act, unless otherwise indicated.

3. No point of error is before this court regarding enlargement of the limitations period of section 10.01 as permitted by section 4.01.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

### Statutes of Limitations

■ The Medical Liability and Insurance Improvement Act (MLIIA) was enacted when the legislature perceived a medical malpractice insurance crisis. *See Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985). The limitations section of MLIIA provides:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this subchapter applies to all persons regardless of minority or other disability.

Section 10.01 of MLIIA. The wrongful death act limitations statute provides:

A person must bring a suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person.

TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(b) (Vernon 1986).

On July 19, 1993, exactly two years after the child's death, Arredondo filed the wrongful death claims. Applying section 10.01 of MLIIA, the trial court rendered a take nothing summary judgment for the doctors and Baptist. We agree that section 10.01 is the controlling limitations statute.

The record reflects that the claims arose from allegedly negligent acts and treatment of Alexander by the two doctors and Baptist employees on July 17, 1991. Dr. Hilliard attended the birth of Alexander; Dr. Westbrook provided services to Alexander on that date before he was transferred to the other hospital four hours after birth; and the Baptist staff provided services and health care to the newborn.

In its effort to alleviate the perceived medical malpractice crisis, the legislature enacted an absolute two-years period of limitations. "The three-date schedule contained in section 10.01 of Article 4590i was intended to aid the plaintiff who had difficulty ascertaining a precise date on which his injury occurred, specifically in circumstances where the claim arose from a course of treatment or a period of hospitalization that extended for a period of time." *Kimball v. Brothers,* 741 S.W.2d 370, 372 (Tex.1987).

But "[w]hen the precise date of the specific breach or tort is ascertainable from the facts of the case, [ ], section 10.01 requires the limitations period to run from the date of the breach or tort." *Id.* In the present case it is undisputed that there is only one date on which the medical services and treatment and health care were provided by the physicians and Baptist: July 17, 1991.

Arredondo alleged in her suit that her child's injuries were caused by the defendants' negligence. It has been held that when the wrongful death claim is premised upon a health care liability claim, the applicable statute of limitations is section 10.01 of MLIIA. *Blackmon v. Hollimon,* 847 S.W.2d 614, 616–17 (Tex.App.—San Antonio 1992, writ denied). *See Bangert v. Baylor College of Medicine,* 881 S.W.2d 564, 566 (Tex.App.— Houston [1st Dist.] 1994, writ denied); *see Goode v. Shoukfeh,* 863 S.W.2d 547, 551 (Tex. App.—Amarillo 1993, no writ); *Todd v. Planned Parenthood,* 853 S.W.2d 124, 127 (Tex.App.—Dallas 1993, writ denied); *Shidaker v. Winsett,* 805 S.W.2d 941, 943 (Tex. App.—Amarillo 1991, writ denied); *see Sanchez v. Memorial Medical Ctr. Hosp.,* 769 S.W.2d 656, 660 (Tex.App.—Corpus Christi 1989, no writ). Given the health care liability claims as the basis of the present actions, section 10.01 applies "[n]otwithstanding any other law." This reasoning is buttressed by the unambiguous provision in the definition section of MLIIA:

"Health care liability claim" means a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure

from accepted standards of medical care or health care or safety which proximately results in injury to *or death of the patient,* whether the patient's claim or cause of action sounds in tort or contract. (emphasis added)

Section 1.03(a)(4) of MLIIA. Therefore, since in the present case each action is founded on a health care liability claim, the operative limitations period for redress is the one specified by section 10.01 of MLIIA, even though the alleged extent of the injury was death.

### Fraudulent Concealment

■ Fraudulent concealment may be a defense to an affirmative defense of limitations under which the plaintiff has the burden of coming forward with proof to support the allegation. *Weaver v. Witt,* 561 S.W.2d 792, 793 (Tex.1977) (per curiam).[4] In medical malpractice cases, the open courts provision operates to render section 10.01 unconstitutional insofar as it purports to cut off a cause of action before the action is known to exist or before suit can be brought, but the provision has no effect on the limitations period when the plaintiff discovers the injury while there is still a reasonable time to sue. *See Morrison v. Chan,* 699 S.W.2d at 207.

"The estoppel effect of fraudulent concealment ends when a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to discovery of the concealed cause of action. Knowledge of such facts is in law equivalent to knowledge of the cause of action." *Borderlon v. Peck,* 661 S.W.2d 907, 908 (Tex. 1983); *Nichols v. Smith,* 507 S.W.2d 518, 519 (Tex.1974).

■ To show entitlement to estoppel effect of fraudulent concealment, a plaintiff must show: (1) that the defendants had actual knowledge of the wrong, and (2) the defendants had a fixed purpose to conceal the

wrong. *Dotson v. Alamo Funeral Home,* 577 S.W.2d 308, 311 (Tex.Civ.App.—San Antonio 1979, no writ). Fraudulent concealment operates to toll limitations. *Nichols,* 507 S.W.2d at 519. Thus, Arredondo would be required to present by competent summary judgment evidence a material fact issue on each element of the defense.

In her affidavit Arredondo states that the hospital staff turned away the fetal monitor, the doctors and staff refused to answer her questions about fetal distress, would not show her the fetal monitor strips, and failed later to produce the requested strips. She asserts the July 17th actions demonstrate actual knowledge of the wrong by the defendants, that they had a duty to disclose the wrong, and that they had a fixed purpose to conceal the wrong. She says she was concerned about the prolonged difficulty of her labor on July 16. The evidence presented by affidavit reflects that Arredondo was cognizant of the possibility of problems with the birth procedures. She knew the baby was transferred to the Medical Center Hospital because of fetal distress.

■ Although she avers she requested information of what was happening during the birth procedures, and cites the action of a nurse in turning away the fetal monitor and her inability to obtain the fetal monitor strips as raising a fact issue of fraudulent concealment, these statements do not establish that the actions of the nursing staff constitute wrongful or negligent acts. The inability to obtain medical records does not, in and of itself, establish fraudulent concealment. Nor can loss of some of a person's medical records be evidence of a wrong. The allegations would not be sufficient evidence that the defendants knew their actions were wrongful and negligent and they purposefully concealed the knowledge from Arredondo. *See Wilson v. Rudd,* 814 S.W.2d 818, 823 (Tex. App.—Houston [14th Dist.] 1991, writ de-

---

4. The supreme court has not ruled definitively whether the doctrine of fraudulent concealment operates to toll the running of limitations in wrongful death cases. *See Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 352, n. 1 (Tex.1990). There has been disagreement on the court with application of the doctrine in any MLIIA case. It

was submitted that the clear and express language of article 10.01 abolishes fraudulent concealment as an exception to the statute of limitations. *Borderlon v. Peck,* 661 S.W.2d 907, 909–11 (Tex.1983) (Barrow, J. dissenting, joined by Pope, Campbell, and Wallace, JJ.).

nied). Further, the statement by Arredondo that she "feel[s]" the "true facts" were concealed from her, and the hospital staff intentionally hid from her information which would have led her to believe a problem or mistake in treatment occurred, is merely conclusory. Conclusory statements are not sufficient summary judgment evidence raising a fact issue on an element of fraudulent concealment. *Sanchez,* 769 S.W.2d at 659. Fraudulent concealment requires evidence of specific facts demonstrating actual knowledge of the wrong and a purpose to conceal such knowledge. *See Desiga v. Scheffey,* 874 S.W.2d 244, 253 (Tex.App.—Houston [14th Dist.] 1994, no writ).

■■■ As noted earlier, the estoppel effect of fraudulent concealment ends when a party learns of facts, conditions, and circumstances which would lead to inquiry and discovery of the concealed cause of action. Knowledge of such facts is equivalent to knowledge of the cause of action. *Borderlon,* 661 S.W.2d at 909. In this case Arredondo had over 23 months from the date of the alleged negligence or mistreatment to sue even if the two-year limitations period had not been tolled.

Arredondo did not have an impossible burden because of the statute of limitations, as she argues. The record discloses that she was aware of a potential claim against the defendants on July 19th, the date of death. Since no summary judgment evidence shows that the defendants had actual knowledge of any wrong or negligence or that they had a fixed purpose to conceal any wrong or negligence, we conclude the judicially created exception of fraudulent concealment as a defense would not have operated to toll limitations.

### Common Law Causes and the Open Courts Provision

Construing article I, section 13 of the Texas Constitution, the supreme court has said:

In analyzing the litigants's right to redress, we first note that the litigant has two criteria to satisfy. First, it must be shown that the litigant has a cognizable common law cause of action that is being restricted. Second, the litigant must show that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute.

*Sax v. Votteler,* 648 S.W.2d 661, 666 (Tex. 1983).

The supreme court ruled in *Moreno* that if a cause of action was not recognized at common law, but was instead legislatively created, any subsequent legislative limitation or abrogation of the cause of action does not violate the open courts provision of the Texas Constitution, article I, section 13. Common law did not recognize a cause of action for wrongful death. *Moreno,* 787 S.W.2d at 355–56. *See Rose v. Doctors Hosp.,* 801 S.W.2d 841, 845 (Tex.1990); *Todd,* 853 S.W.2d at 127.

In *Felan v. Ramos,* 857 S.W.2d 113, 117 (Tex.App.—Corpus Christi 1993, writ denied), the court held that the two-year statute unreasonably restricted the decedent's common law cause of action for medical malpractice and violated the open courts provision of the Constitution. That patient had been mentally incompetent, allegedly as a result of surgery, for about three years and was mentally incompetent at the time of death. The court reasoned that her cause of action was cut off before she had the capability to know, or had a reasonable opportunity to learn of it; therefore, the limitations statute of 10.01 was tolled. *Id.* at 116–17. *See Tinkle v. Henderson,* 730 S.W.2d 163 (Tex. App.—Tyler 1987, writ ref'd) (the two-year limitations statute, as applied to a mentally incompetent plaintiff, violated the open courts provision).

In the present case the two-year statute of limitations, if strictly applied, would unreasonably restrict Alexander's cognizable cause of action for medical malpractice. Further, it can be seen that the two-year statute of limitations, if strictly applied, would be unreasonable as applied to the minor after balancing the purpose and basis of the MLIIA.

### Due Process Rights

Arredondo also presented an alternative argument that the application in her case of the absolute two-year limitations statute, section 10.01 of MLIIA, violated the due process rights granted by article I, section 19 of the Texas Constitution. The section provides:

No citizen of this State shall be deprived of life, liberty, property, privileges or immunities or in any manner disenfranchised, except by the due course of the law of the land.

TEX.CONST. art. I, § 19. To prevail in this argument, a litigant must overcome the long-standing presumption in favor of an act of the legislature. *Rose*, 801 S.W.2d at 845.

■ Procedural due process requires that an aggrieved party be afforded an opportunity, at a meaningful time and in a meaningful manner, to be heard on her complaint. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437, 102 S.Ct. 1148, 1158–59, 71 L.Ed.2d 265 (1982); *MJR Financing, Inc. v. Marshall*, 840 S.W.2d 5 (Tex.App.—Dallas 1992, no writ).

■ Due process requires that a limitations period be of adequate length to permit a party to enforce his rights. When the party has free access to the courts for a period of time sufficient for an ordinarily diligent person to commence legal proceedings to protect his rights, the limitations period is reasonable and adequate. *See, e.g.*, *Nelson*, 678 S.W.2d at 918. Eighteen months after the accrual of a cause of action has been held to be a reasonable time in which to bring suit. *See Morrison*, 699 S.W.2d at 207–08.

■ Vested rights, including matured causes of action, are also protected by the due process provisions of both the Texas and United States Constitutions. *Middleton v. Texas Power and Light Co.*, 108 Tex. 96, 185 S.W. 556 (1916), *aff'd*, 249 U.S. 152, 39 S.Ct. 227, 63 L.Ed. 527 (1919); U.S. CONST., Amendment 14 and TEX.CONST. art. I § 19. In substantive due process cases, we balance the gain to the public welfare resulting from the legislation against the severity of its effect on personal and property rights. *In the Interest of B.M.N.*, 570 S.W.2d 493, 503 (Tex. Civ.App.—Texarkana 1978, no writ); *Pedraza v. Tibbs*, 826 S.W.2d 695, 697 (Tex.App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.). "A law is unconstitutional as violating due process [only] when it is arbitrary or unreasonable, and the latter occurs when the social necessity the law is meant to serve is not a sufficient justification of the restriction or the liberty or rights involved." *Pedraza*, 826 S.W.2d at 698. As noted earlier, *Rose*, 801 S.W.2d at 846, sets out and discusses the purposes of MLIIA as delineated in section 1.02(b).

Because of the circumstances of this case, however, we have no need to determine whether the constitutional protections of the open courts provision and the due process guaranty were violated. This is because the specific legislative exception contained in section 10.01 protects those rights and makes this unnecessary. Unlike the mentally incompetent decedents in *Felan* and *Tinkle*, a minor's right to bring suit is uniquely preserved.

### Death of the Minor

■ Arredondo submits that the defendants failed to establish as a matter of law their affirmative defense of limitations. The contention is that the defendants failed to prove that Alexander, a minor, did not have a viable cause of action at the time of his death.

■ The wrongful death statute authorizes an action by a decedent's beneficiary only if the person injured would have been entitled to bring an action for the injury if he had lived. *Russell v. Ingersoll–Rand Co.*, 841 S.W.2d 343, 345 (Tex.1992); TEX.CIV. PRAC. & REM.CODE ANN. § 71.003(a) (Vernon 1986). If a wrongful death action does not exist because the decedent could not maintain an action in his own right immediately before death, for whatever reason, then no wrongful death action ever accrues. *Russell*, 841 S.W.2d at 348. Thus, the right of a statutory beneficiary to maintain a wrongful death action is entirely derivative of the decedent's right to have sued for his own injuries immediately before death, and is subject to the same defenses to which the decedent's action would have been subject. *Id.* at 347.

The appellate court must first determine whether each of Arredondo's actions is a derivative one, and in the present case, it is clear that each action is derivative. We next look to the minor's ability to bring an action against the defendants; this evaluation is

made in terms of the minor's ability to sue the defendants immediately before his death on July 19, 1991.

Pursuant to the express provision of section 10.01, Alexander, the minor, was not bound by the absolute two-year limitations period. As set out before, the statute provides that a minor, under age 12, shall have until his 14th birthday in which to file, or have filed on his behalf, his health care claim.

Arredondo contends the statute of limitations was tolled from the date of the alleged injuries, July 17, until the date of the minor's death on July 19. We agree. At the time of Alexander's death his causes of action were viable. Therefore, the derivative beneficiary, Arredondo, was not time-barred from filing the wrongful death claims within two years of his death. We conclude that the defendants, as movants, did not sustain their summary judgment burden to establish conclusively that limitations had not been tolled as to the minor, Alexander, until the date of his death, and that his causes of action were not viable at that time. Consequently, the summary judgment evidence fails to show that the defendants were entitled to judgment as a matter of law based upon limitations. The point of error is sustained.

The judgments are reversed and the causes remanded for trial.

DUNCAN, Justice, dissenting.

The majority holds that "the statute of limitations [governing Arredondo's wrongful death action] was tolled from the date of the alleged injuries, July 17, until the date of [Alexander's] death on July 19" by virtue of the proviso in section 10.01. On this basis, the majority reverses the summary judgment. From this holding and judgment, I respectfully dissent.

I agree with the majority that section 10.01 of the Medical Liability and Insurance Improvement Act, TEX.REV.CIV.STAT. art. 4590i

(Vernon Pamph.1995), provides the operative limitations period for all health care liability claims, including those resulting in death. I further agree that Arredondo failed to bring forward sufficient summary judgment proof to raise a fact issue as to her fraudulent concealment defense. *See American Petrofina v. Allen,* 887 S.W.2d 829, 830 (Tex.1994). I disagree, however, that either *Russell v. Ingersoll–Rand Co.,* 841 S.W.2d 343 (Tex. 1992), or the proviso in section 10.01, applies to and saves Arredondo's wrongful death cause of action.

*Russell* did not involve a medical malpractice claim, and the supreme court did not even purport to resolve the issues raised by Arredondo in this appeal. Indeed, the court expressly left open the possibility that, "under other statutes, a limitations period may begin to run against wrongful death beneficiaries prior to decedent's death." *Russell,* 841 S.W.2d at 348 n. 8 (citing *Wilson v. Rudd,* 814 S.W.2d 818 (Tex.App.—Houston [14th Dist.] 1991, writ denied), which did involve a medical malpractice claim). We must, therefore, construe the proviso in section 10.01 in accordance with the usual rules of statutory construction, which mandate that we give effect to the legislative intent expressed in the plain and unambiguous language of the statute. *See Citizens Bank v. First State Bank,* 580 S.W.2d 344, 348 (Tex. 1979); *Minton v. Frank,* 545 S.W.2d 442, 445 (Tex.1976).

The proviso in section 10.01 expressly states that "minors, under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim." [1] The proviso thus tolls the accrual of a health care liability claim only when the claim is filed by or on behalf of a minor. A wrongful death action is not a claim filed by a minor or on his behalf; nor is it a claim to recover damages suffered by a minor.[2] Rather, a wrongful death action is a claim filed by and on behalf of a statutory benefi-

---

1. But see *Weiner v. Wasson,* 900 S.W.2d 316 (Tex.1995) (holding proviso unconstitutional as applied to minors and extending limitations period until minor's 20th birthday).

2. As noted in the majority opinion, the trial judge denied the appellees' motion for summary judg-

ment as to, and severed, the survival claim asserted by Arredondo as the representative of Alexander's estate. Accordingly, whether the proviso in section 10.01 applies to the survival claim is not before this court on appeal.

ciary to collect his or her own damages. *See Landers v. B.F. Goodrich Co.*, 369 S.W.2d 33, 35 (Tex.1963). Accordingly, the express terms of the proviso in section 10.01 render it inapplicable to wrongful death claims such as Arredondo's.

Absent the tolling effect of the proviso in section 10.01, Arredondo's wrongful death action accrued on July 17, 1991, the date the appellees' medical care and hospitalization of Alexander was completed. Accordingly, Arredondo's wrongful death action became time-barred prior to its filing on July 19, 1993—unless, as Arredondo argues, section 10.01 is unconstitutional as applied under article I, sections 13 and 19 of the Texas Constitution.

Clearly, article I, section 13 of the Texas Constitution—the open courts provision—cannot save Arredondo's statutory wrongful death action. *See Moreno v. Sterling Drug*, 787 S.W.2d 348, 355–57 (Tex.1990); *see also Rose v. Doctors Hosp.*, 801 S.W.2d 841, 845 (Tex.1990). Article I, section 19 is likewise unavailable; it simply cannot be said that two days less than two years is an unreasonable or inadequate limitations period in these circumstances. *See Morrison v. Chan*, 699 S.W.2d 205, 207 (Tex.1985).

In light of the foregoing, I would affirm the summary judgment in favor of appellees.