**BANK OF COMMERCE, Appellant,**

v.

**Camille Shaw BARTON and Bailey Q. Barton, Jr., Appellees.**

**No. 18306.**

Court of Civil Appeals of Texas, Fort Worth.

July 17, 1980.

Rehearing Denied Oct. 9, 1980.

Brown, Herman, Scott, Dean & Miles, and R. David Broiles, Fort Worth, for appellant.

Street, Swift, Brockermeyer, Bell & Ward, and John G. Street, Fort Worth, for appellee Camille Shaw Barton.

Dee Lee Thomas, Jr., Fort Worth, for appellee Bailey Q. Barton.

## OPINION

HUGHES, Justice.

The Bank of Commerce, Temporary Administrator of the Estate of Jessie Shaw, Deceased, has appealed the summary judgment granted Camille Shaw Barton and Bailey Q. Barton, Jr. The bank sought to cancel a deed executed by Mrs. Shaw to the Bartons, Mrs. Shaw's daughter and son–in–law, on the ground of Mrs. Shaw's alleged diminished mental capacity and over-reaching by the Bartons.

We reverse and remand.

Mrs. Shaw executed the deed and delivered it to the Bartons in 1971. During 1972, Mrs. Shaw was adjudged to be of unsound mind and George Shaw, her son, was appointed guardian of her person and estate. Shortly after being appointed guardian, and acting in that capacity, Shaw brought suit against the Bartons to cancel the 1971 deed. The basis of the suit was alleged diminished mental capacity on the part of Mrs. Shaw and overreaching by the Bartons, and it was dismissed for want of prosecution in 1974.

In 1976, Mrs. Shaw died. The bank was appointed temporary administrator of her estate and brought the present suit. In reliance on Shaw's previous suit, which had raised the same issue of mental incapacity and overreaching, and alternatively, in reliance on the four year statute of limitations, Tex. Rev. Civ. Stat. Ann. art. 5529 (1958), the Bartons moved for summary judgment. The bank filed a response to the motions for summary judgment, and alleged that Mrs. Shaw was mentally incompetent when the deed was executed. It argued that this incapacity had the effect of tolling the statute of limitations. The trial court sustained the Barton's motions for summary judgment and rendered judgment that the bank take nothing.

It is undisputed that the four year statute of limitations is controlling under the facts of this case. Was the statute of limitations barring the present suit tolled for any period between 1971 and the date when the present suit was brought? We hold that the question of whether the statute was tolled was put into issue because of evidence of Mrs. Shaw's mental incompetence and that such issue was material, rendering improper the granting of the summary judgment.

■ In a suit to cancel a deed, the statute of limitations normally begins to run from the date the deed is executed. However, where it is alleged that the grantor suffered from diminished mental capacity at the time of the execution of the deed, the running of the statute would be tolled by this disability. Where evidence would be available to raise such a disability as an issue of fact, summary judgment would be improper, since, if the diminished mental capacity can be proven, the statute would not begin to run until the disability was removed. Tex. Rev. Civ. Stat. Ann. art. 5535 (Supp. 1980).

■ In the present case, the bank alleged that Mrs. Shaw suffered the requisite mental incapacity to toll the statute of limitations. The Bartons, in their motions for summary judgment, argued that the present suit was barred by the statute of limitations. The bank, in response to the motions for summary judgment, presented summary judgment evidence in support of its allegations of mental incapacity. The question of when the statute of limitations began to run was put into issue by the bank's presentations of summary judgment evidence of Mrs. Shaw's diminished mental capacity.

The commentators have stated in 4 McDonald, Texas Civil Practice § 17.26.8 (1971):

"(iv) When a motion [for summary judgment] is supported by affidavits or other extrinsic evidence sufficient on its face to establish facts which, if proven at the trial, would entitle the movant to an in-

*structed verdict,* the opponent must show opposing evidentiary data which will raise an issue as to a material fact . . . . " When such "opposing evidentiary data" is raised, an issue of material fact is created and the granting of the motion for summary judgment is improper. *Gulf, Colorado & Sante Fe Railway Co. v. McBride,* 159 Tex. 442, 322 S.W.2d 492 (1958). The rendition of summary judgment was improper in this case since both "extrinsic evidence sufficient on its face" and "opposing evidentiary data" were present on the issue of Mrs. Shaw's mental capacity.

Upon finding the case in this posture, after having determined that a contested issue of material fact was present, we reverse the summary judgment and remand the cause.