Mary E. SMITH, Appellant,

v.

Werner ERHARD, et al., Appellees.

No. 14599.

Court of Appeals of Texas,
Austin.

July 2, 1986.

Rehearing Denied Sept. 24, 1986.

Gerald F. Ragland, Jr., Fairfax, Va., Thomas J. Pearson, Houston, for appellant.

John T. Anderson, Graves, Dougherty, Hearon & Moody, Austin, for appellees.

Before POWERS, BRADY and CAR-ROLL, JJ.

POWERS, Justice.

Mary E. Smith appeals from a summary judgment rendered on the motion of appellees Werner Erhard and Werner Erhard and Associates, two of several defendants sued by Smith in actions for negligence, breach of implied warranty, breach of express warranty, and misrepresentation. Her causes of action against the remaining defendants were severed and she appeals to this Court from the summary judgment that she take nothing in her suit against Erhard and Werner Erhard and Associates. We will affirm the summary judgment.

Smith's actions are all based on allegations that she sustained mental and emotional injuries while attending "group awareness training" conducted by the appellees. *Farmers & Merchants State Bank v. Ferguson*, 617 S.W.2d 918 (Tex. 1981); *Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627 (Tex.1967); Restatement (Second) of Torts § 46 (1965); Annot., 38 A.L.R.4th 998 (1985); Prosser & Keeton on the Law of Torts § 12 (5th ed. 1984). These allegations are set forth in her original petition wherein she avers that appellees' actionable conduct and her injuries occurred in September 1980, approximately four years before she filed suit in September 1984.

In their original answer filed November 9, 1984, appellees pleaded the bar of limitations. Subsequently, on July 26, 1985, appellees filed a motion for summary judgment, alleging two grounds therefor. In the first, they pleaded the provisions of the two-year statute of limitations for an "[a]ction done to the person of another." Tex.Rev.Civ.Stat.Ann. art. 5526, para. 6 (1958) (repealed) (*See now* Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (1986)). In the second, they set up a constitutional bar to appellant's recovery.

On August 28, a hearing was had on the motion. The trial court sustained appellees' motion in a summary judgment signed October 5, 1985. The judgment does not indicate that it rests upon any particular ground. Smith brings three points of error to this Court.

## I.

Smith contends first that the constitutional ground urged by appellees in their motion for summary judgment cannot support the judgment. We need not discuss the matter because we believe summary judgment was proper on the bar of limitations.

## II.

Smith next contends that the summary judgment may not validly rest upon the bar of limitations because the deposition testimony forming part of the summary-judgment record shows a "genuine issue of material fact as to the mental competence of [Smith] and thus, the tolling of the statute of limitations." This point of error refers to the former Tex.Rev.Civ.Stat.Ann. art. 5535 (1958), now codified as § 16.-001(a)(3) of Tex.Civ.Prac. & Rem.Code, *supra*. The latter statute provides:

§ 16.001. Effect of Disability

(a) For the purposes of this subchapter, a person is under a legal disability if the person is:

\* \* \* \* \* \*

(3) of unsound mind.

(b) If a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period.

\* \* \* \* \* \*

The mental state contemplated by this statute is ordinarily a question of fact and does not necessarily contemplate an adjudication of insanity. *Huling v. Moore*, 194 S.W. 188 (Tex.Civ.App.1917, writ ref'd); *Kaack v. Stanton*, 112 S.W. 702 (Tex.Civ.App. 1908, writ ref'd). "The evident purpose of this [provision] is *to suspend* limitation with respect to persons who have no access to the courts." *Adler v. Beverly Hills Hospital*, 594 S.W.2d 153, 158 (Tex.Civ. App.1980, no writ) (emphasis added).

While the deposition testimony of Smith does allow the inference that she might

have been of unsound mind, within the meaning of the statute, when her causes of action accrued in September 1980, she has not raised that contention by answer, motion, or other responsive writing filed in the suit. Under the explicit provisions of Tex. R.Civ.P.Ann. 166–A (1976 & Supp.1986), we may not consider as grounds for reversal any "[i]ssues not expressly presented to the trial court by written motion, answer or other response" in our review of the summary judgment obtained by appellees. The purpose of this provision is to assure that the grounds for and against summary judgment are "in writing and before the trial judge at the hearing." *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979). Nevertheless, her failure to put in writing her contention that she was of "unsound mind," when her causes of action accrued and for some period ending within two years of suit, within the meaning of the statute, is immaterial unless the law placed upon her the burden to interpose that issue.

■ It was indeed her burden to make that contention in a writing filed in the cause, by way of confession and avoidance of the limitations bar pleaded and proved prima facie by appellees, *if* she wished to defeat summary judgment on that ground. Had Smith done so, appellees then would have labored under the burden of establishing conclusively, in the summary-judgment record, that she was *not* of unsound mind within the meaning of the statute or showing, as a matter of law, some other basis upon which § 16.001(a)(3) was inapplicable. *Zale Corporation v. Rosenbaum*, 520 S.W.2d 889 (Tex.1975), wherein the Court stated:

> When summary judgment is sought on the basis that limitations have expired, it is the movant's burden to conclusively establish the bar of limitations. *Where the non-movant interposes a suspension statute, such as article 5537 ..., the limitation defense is not conclusively established until the movant meets his burden of negating the applicability of these issues....*

*Id.* at 891 (emphasis added).

■ Smith failed to respond in writing to the limitations bar pleaded and proved prima facie by appellees. She has not even suggested to this Court, and the record on appeal does not hint at, the date when her state of "unsound mind" *ended.* So much would be required to ascertain *when* the *suspension* authorized by § 16.001(a)(3) *ended,* so that we might determine whether it ended within two years of suit (presumably she is not now of unsound mind because the present suit was not filed by a representative) and thus permit her to avoid the limitations bar. In the absence of such matters we may not say *any* error was reversible error.

For all the foregoing reasons, we overrule Smith's second point of error. We turn then to consider her third point of error, wherein she suggests the reasons for her failure to file a written response to appellees' motion for summary judgment.

### III.

In Smith's final point of error, she contends the trial court abused its discretion when the judge denied her leave to file, within seven days of summary-judgment hearing, a *written* response and affidavits opposing appellees' motion for summary judgment and in refusing her an extension of time for that purpose until September 10, 1985. She also contends the judge abused his discretion when he denied her *oral* request, made in the summary-judgment hearing, that she be allowed to file such documents after the hearing and before judgment, as explicitly permitted by Rule 166–A.

A consideration of Smith's contentions will be assisted by our including here a timetable of the relevant events that transpired in the course of the lawsuit, as shown in the record on appeal.

September 13, 1984—Plaintiff's original petition filed.

November 9, 1984—Defendants' original answer filed.

May 3, 1985—Deposition of Mary E. Smith (appellant) taken.

June 6, 1985—Deposition of Mary E. Smith (appellant) filed.

July 26, 1985—Appellees' motion for summary judgment filed.

July 29, 1985—Smith's counsel receives notice that motion for summary judgment is set for hearing on August 28, 1985.

August 19, 1985—Smith files motion for continuance requesting postponement of summary-judgment hearing or, alternatively, an extension of "twenty days in which to file her brief and affidavits in support of her response in opposition to the motion for summary judgment, which additional time would expire on September 10, 1985."

August 28, 1985—hearing held on appellees' motion for summary judgment.

October 5, 1985—summary judgment signed by trial judge.

Concerning the written motion for continuance filed August 19, 1985, Smith states in her brief that it was denied August 22, 1985, but she did not receive notice of that fact until August 26, 1985, "two days prior to the hearing for Summary Judgment on August 28, 1985" and thus at a time when she "was unable to comply with Rule 166–A," which requires the filing of opposing affidavits or other written response to motions for summary judgment within seven days before the hearing, except by leave of court. The motion filed by Smith on August 19, 1985, states that Smith's "counsel has not had the opportunity to secure the affidavit or affidavits necessary to support Plaintiff's response in opposition to the Motion for Summary Judgment" because both her out-of-state attorney and her local counsel had been in trial or preparing for trial in another case.

We are unable to conclude that the record on appeal shows that the trial court abused its discretion. We turn first to the overruling of Smith's *written* motion, requesting that she be allowed until September 10, 1985 "to secure the affidavit or affidavits necessary to support [her] response in opposition to the Motion for Summary Judgment."

If one presumes that the preoccupation of Smith's attorneys constituted sufficient cause for the postponement, one must nevertheless observe that the trial court was precluded by Tex.R.Civ.P. ann. 251 (1976) from granting such relief because the sufficient cause alleged by Smith was not "supported by affidavit" in circumstances where opposing counsel did not consent to the postponement and Smith was not entitled to it by operation of law.

Moreover, Smith's motion does not suggest the content of the "response" she intended to make in opposition to appellees' motion for summary judgment (none was ever filed), nor the content of the affidavits she felt were required to support that response. If one assumes that she would have raised in that regard the matter of her unsound mind, within the meaning of the suspension statute, at the requisite time in 1980 and for a period of time continuing to within two years of suit, this was never made apparent to the trial judge, for the motion was, at Smith's request, determined without a hearing. The record does not show that the trial court was in some other manner apprised of the substance of the response and affidavits for which Smith requested the additional time.

Nothing in Smith's motion and nothing appearing elsewhere in the record explains or justifies a lack of diligence on her part that is apparent on the face of the record. We note, in this respect, the following:

1. There is no suggestion that the relevant mental state was unknown to her in September 1984 when she, being presumably sane and otherwise competent to handle her affairs, filed the present lawsuit so intimately connected with her mental state;

2. There is no explanation for her delay in raising the issue of her mental state when it was brought home to her in various ways by appellees: (a) appellees first pleaded limitations as a bar in their original answer filed in 1984; (b) her mental state was the subject of much of her deposition

testimony, taken in May 1985, the transcript of which was filed in June 1985; and (c) appellees moved for summary judgment in their motion filed July 26, 1985, with contemporaneous service thereof on Smith's counsel, specifically seeking such judgment on the ground of a limitations bar to which the suspension statute was applicable;

3. That Smith's attorneys were in trial or preparing for trial is of little assistance by way of explanation or justification, for they were able to formulate, prepare, and file a motion for continuance during the period in question. (It should be borne in mind that Smith had the burden to establish the factual bases for her motion for continuance; whereas, appellees would have had the burden to establish the inapplicability of the suspension statute, had Smith only *pleaded* it in response to the motion for summary judgment.)

■ Concerning the trial court's alleged action in overruling Smith's oral request, urged at the hearing on summary judgment, that she be allowed to file after the hearing the response and affidavits she wished to file, we cannot find in the record that the trial judge ever denied her request. We do find in the transcript of that hearing that Smith twice requested that she be allowed to file such documents; we cannot, however, find that the trial judge denied her requests nor are we able to find that Smith requested that he rule on her requests. So far as we are able to tell, she has not caused the record on appeal to reflect the reversible error that she assigns.

We therefore overrule Smith's third and final point of error.

Finding no error as assigned by Smith, we affirm the judgment below.