**Ion CASU, Appellant,**

v.

**CBI NA–CON, INC., Appellee.**

**No. B14–92–01157–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 12, 1994.

Opinion Granting Rehearing July 7, 1994.

Donna Roth, José L. Garriga, Houston for appellant.

William R. Towns, Reagan Wm. Simpson, Carla J. Bishop, David R. Poage, Philip Werner and Matthew Muth, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a summary judgment. Appellant claims that the trial court erred in holding that the statute of limitations barred his suit. We agree, and reverse and remand the cause for trial.

### OVERVIEW

Ion Casu, Appellant, was injured in a chemical accident on October 30, 1987. On November 4, 1987, approximately 20 days after the accident, an attorney representing Mr. Casu sent demand letters to CBI Na-Con, Inc., (Appellee), Marathon Petroleum Company and Westheimer Heavy Hauling Company. On December 4, 1987, Mr. Casu's attorney again sent a demand letter to CBI. On April 25, 1989, within the statute of limitations, Mr. Casu filed suit against Marathon and Westheimer. CBI was not added as a defendant until November 26, 1991, over two (2) years outside the statute of limitations. CBI moved for summary judgment on the ground that the statute of limitations had

run. Mr. Casu filed medical affidavits alleging his mental incompetence, and asserted that under TEX.CIV.PRAC. & REM.CODE ANN. § 16.001, the limitations period had been tolled. CBI did not controvert Casu's medical affidavits. The trial court initially denied the summary judgment on the ground that a fact issue existed as to whether or not Mr. Casu's mental status tolled the limitations period.

CBI again moved for summary judgment, alleging that the failure to timely join CBI could not have been the result of Casu's unsound mind, because Casu knew that CBI was a potential defendant in November of 1987, had retained legal counsel to represent him, and had timely filed suit against two other defendants. CBI cited *Johnson v. McLean*, 630 S.W.2d 790, 793 (Tex.App.—Houston [1st Dist.] 1982, no writ), to support its position. CBI argued that because Appellant had "access to the courts," § 16.001 did not apply. The trial court signed a "blanket order" granting the summary judgment. The court then severed Appellant's claims against CBI from his claims against Marathon & Westheimer. Appellant was subsequently adjudicated incompetent in the Marathon/Westheimer cause. Appellant appeals the summary judgment, alleging that the statute of limitations was tolled due to his incompetency and relies on the recent Supreme Court opinion of *Ruiz v. Conoco Inc.*, 868 S.W.2d 752 (Tex.1993), to support his position.

### REASONING OF *RUIZ*

*Ruiz* addressed the issue of whether limitations is "tolled on a cause of action of a person of unsound mind during the pendency of a lawsuit brought on his behalf." The Supreme Court believed that "in many respects, mentally incompetent persons present a more compelling case for legal protection" than do children. *Ruiz* at 755. Conoco had argued, (as Appellee does here), that the main concern of the Legislature in drafting § 16.001 and the Courts in applying § 16.001 was an incompetent person's "access to the courts." The Supreme Court disagreed and noted that "access to the courts" is not the only purpose in providing a legally incapaci-

tated person the opportunity to protect his legal rights. "The disability of a person of unsound mind is not only the lack of access to the courts, but also the inability to participate in, control, or even understand the progression and disposition of their lawsuit." *Id.*

The Supreme Court concluded that "the mere commencement of a lawsuit by, or on behalf of, a legally incapacitated individual is, considered alone, insufficient to deny the protection of the tolling provision." *Id.* It noted that this decision did not mean "that an action commenced by, or on behalf of, a legally disabled individual can never be given preclusive effect." *Id.* However, they did not "face such an issue" in *Ruiz.* We do not believe that we "face such an issue" in this appeal.

### ANALYSIS TO CASE AT BAR

■ In order for § 16.001 to toll the running of the statute, it is **not** required that the plaintiff be *adjudicated* incompetent. To prevent summary judgment, it is only required that the plaintiff *raise the issue* of mental incompetency. *Swink v. Dallas,* 36 S.W.2d 222, 224 (Tex.Comm'n App.1931, holding approved); *Felan v. Ramos,* 857 S.W.2d 113 (Tex.App.—Corpus Christi 1993, writ denied); *Tinkle v. Henderson,* 730 S.W.2d 163, 166–167 (Tex.App.—Tyler 1987, writ ref'd); *Smith v. Erhard,* 715 S.W.2d 707, 708 (Tex.App.—Austin 1986, writ ref'd, n.r.e.); *Bank of Commerce v. Barton,* 605 S.W.2d 638, 639 (Tex.Civ.App.—Fort Worth 1980, writ dismissed); *Fricke v. Wagner,* 315 S.W.2d 584, 587 (Tex.Civ.App.—Austin 1958, writ ref'd, n.r.e.); and Annotation, *Proof of unadjudged incompetency which prevents running of statute of limitations,* 9 A.L.R.2d 964 (1950). In this case, Ion Casu did raise the issue of mental incompetency, and his affidavits and evidence were uncontroverted. The doctors' affidavits and notes indicate:

(1) Mr. Casu suffers from "acute paranoid psychosis, very serious. [It] is a complication of the exposure;"

(2) "Cognitive functioning is defective;" "Memory functioning is defective;"

(3) Results indicate "confused thinking, significant problems with sustained atten-

tion and concentration, and problems with planning, sequencing and judgment. Memory is also markedly impaired...." The psychological presentation is the most significant aspect of this patient's symptomatology. He appears to be presently acutely psychotic with significant paranoid features ... In my judgment a great deal of his psychological presentation is secondary to the chemical exposure;

(4) "At the present time Mr. Casu is of unsound mind and has been since the time of the explosion;" and

(5) "Exposure to the explosion severely impaired Mr. Casu's judgment and competency."

■ CBI's motion for summary judgment alleged that § 16.001 did not toll the limitations period because Casu knew that CBI was a potential defendant and had retained an attorney before the statute ran. However, knowledge of a potential defendant and retention of counsel are not sufficient to "override" § 16.001. *See Ruiz* (supra). Ruiz obviously had knowledge of Conoco as a potential defendant because Conoco had been added as a third-party defendant by Cameron, and Ruiz had previously filed suit against Conoco. Further, Ruiz also had legal representation. However, the holding of *Ruiz* requires more than knowledge of a defendant and retention of counsel to waive the protections of § 16.001. Further, the Supreme Court severely restricted the application of *Johnson v. McLean,* 630 S.W.2d 790 (Tex. App.—Houston [1st Dist.] 1982, no writ), the case CBI relied upon in its motion for summary judgment. Because the summary judgment proof in this case shows no more than Mr. Casu's knowledge of CBI as a potential defendant and his retention of counsel, the summary judgment should have been denied.

■ It should be noted that CBI argues in its brief that Casu has intentionally waived his right to sue CBI. However, CBI neither pled waiver, nor proffered proof of waiver in its summary judgment motion. We can not affirm the judgment on a ground not presented to the trial court, and the trial court could not grant judgment on a ground never

raised. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 675 (Tex.1979), and *Marshall v. Toys-R-Us Nytex, Inc.,* 825 S.W.2d 193, 195 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

In oral submission, CBI argued that there was no evidence or allegation that the failure to name CBI as a defendant *before* the expiration of the statute of limitations was caused by Appellant's inability to participate in the lawsuit. The attorney for Appellant responded that she made a conscious decision *not* to file a controverting affidavit pointing out that her client's inability to participate in the suit was a reason CBI was not timely named as a defendant. She contends to do so would be a violation of the attorney-client privilege.

It is possible that the lack of mental capacity of a client may be used as a coverup for legal malpractice and/or an excuse to keep a lawsuit in court when it should be dismissed. It is also a possibility that the cause of action of a mentally incompetent plaintiff can be "alive" as long as the plaintiff is alive. However, the *Ruiz* court held that such a possibility "does not dictate a different result." *Ruiz* at 756. The diminished mental capacity of Casu, like Ruiz, was allegedly caused by the accident made the basis of the lawsuit. It would be unjust to deny Appellant the protection provided by § 16.001.

We hold that Appellant sufficiently raised a fact issue regarding his mental incompetency, and his mental status was not challenged. Therefore the statute of limitations is tolled under § 16.001. The judgment of the trial court is reversed, and the cause is remanded for trial as to Ion Casu.

We note that Ion Casu is the only Appellant on the appeal bond. The trial court order complained of on appeal dismisses Appellee as to the claims of plaintiff "Ion Casu, individually, and the minor plaintiffs, John A. Casu, Jr., Virginia C. Casu and Juanita Casu, appearing by and through their next friend Cecilia Casu." The Court also appointed Matthew Mutt as guardian ad litem of the children at the next friend's, Cecilia Casu's, request, due to an alleged "conflict of interest." However, neither the next friend nor the guardian ad litem perfected an appeal on behalf of the Casu children. Further, there is no point of error, argument or authority cited to this court in the Ion Casu brief as to the error in the trial court's dismissal of Appellee as a defendant in the Casu children's causes of action. Therefore, this reversal applies only to the causes of action of Ion Casu, and does not affect the trial court's dismissal of Appellee from the children's causes of action.

## OPINION ON MOTION FOR REHEARING

In our original opinion we noted that Ion Casu was the only Appellant on the appeal bond. Therefore, we reversed and remanded the causes of action as to Ion Casu only, and held that the reversal did not affect the trial court's dismissal of Appellee from the children's causes of action. The minor children have now filed a motion for rehearing and a motion for leave to amend the appeal bond. They note that they were "accidently omitted" from the bond.

We grant Appellants' leave to amend the appeal bond, grant their motion for rehearing, and amend the prior opinion which reversed only as to Ion Casu. The children are also under a legal disability, and their cause of action is derivative of their father's. We hold that the appeal and points of error are now effective as to the children, and we reverse and remand the entire judgment of the trial court.