TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00270-CV






Leslie B. Hargraves, Appellant



v.



Armco Foods, Inc. d/b/a Foodland, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 93-08104, HONORABLE PAUL R. DAVIS, JUDGE PRESIDING







PER CURIAM


 Appellant Leslie B. Hargraves appeals from a summary judgment granted in favor
of appellee Armco Foods, Inc., d/b/a Foodland (Foodland). Hargraves filed suit to recover for
damages arising out of an accident that occurred on July 6, 1991. Hargraves, who was employed
by Coca-Cola Bottling Company at the time, was delivering cases of Dr. Pepper to Foodland
when she fell on wooden pallets stacked in front of the loading dock. Hargraves filed suit on July
7, 1993, two years and one day after the accident. The trial court granted a summary judgment
in favor of Foodland on the basis that the two-year limitations period barred her claims. We will
affirm.

 The single issue we decide is whether Hargraves' affidavit, filed in response to the
motion for summary judgment, raised a fact issue regarding whether the limitations period was
tolled because she was of unsound mind. See Tex. Civ. Prac. & Rem. Code Ann. § 16.001 (West
1986 & Supp. 1995). In reviewing a summary judgment record, this Court observes the following
rules: (1) the movant for summary judgment has the burden of showing that there is no genuine
issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether
there is a disputed material fact that precludes summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the
non-movant and any doubts resolved in its favor. Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985). A movant seeking summary judgment on the basis of
limitations must conclusively establish the bar of limitations. When the non-movant interposes
a tolling statute, such as section 16.001, the limitations defense is not conclusively established
until the movant negates the applicability of the tolling provisions. Zale Corp. v. Rosenbaum, 520
S.W.2d 889, 891 (Tex. 1975); Smith v. Erhard, 715 S.W.2d 707, 709 (Tex. App.--Austin 1986,
writ ref'd n.r.e.). 

 Relevant portions of section 16.001 provide:



(a)  For the purposes of this subchapter, a person is under a legal disability if the
person is:


. . .


 (2)  of unsound mind.


(b) If a person entitled to bring a personal action is under a legal disability when
the cause of action accrues, the time of the disability is not included in a limitations
period.



Hargraves' affidavit in support of her contention that she was of unsound mind stated:



I was taken from Foodland to Round Rock Hospital emergency room for treatment
and given medication for the pain. The medicine made me groggy and disoriented. 
I was taken home by my roommate and went to bed where I remained under heavy
medication for at least two days. During that period I mostly slept as a result of
the pain medication which additionally made me groggy, disoriented and unable
to think clearly. During this time my roommate took care of me because I was
unable to take care of myself.



 Foodland argues that the affidavit does not raise a fact issue regarding the tolling
of the period of limitations because (1) the affidavit shows that the disability arose after the
accrual of the cause of action, and (2) the affidavit is insufficient to raise an issue regarding
"unsound mind." We do not address the timing of the disability because we hold, as a matter of
law, that the affidavit does not raise a fact issue regarding whether Hargraves suffered from an
"unsound mind" so as to toll the limitations period. 

 Generally, the term "unsound mind" refers to a legal disability, although it is not
limited to persons who are adjudicated incompetent. Casu v. CBI NA-CON, Inc., 881 S.W.2d 32,
34 (Tex. App.--Houston [14th Dist.] 1994, no writ). "Unsound mind" is not defined in the Texas
Civil Practice and Remedies Code. However, the Texas Probate Code defines persons of unsound
mind as "persons non compos mentis, mentally disabled persons, insane persons, and other
persons who are mentally incompetent to care for themselves or manage their property and
financial affairs." Tex. Prob. Code Ann. § 3(y) (West Supp. 1995). Also, in general, "persons
of unsound mind" and "insane persons" are synonymous. See Lowery v. Lowery, 386 S.W.2d
194, 197 (Tex. Civ. App.--Tyler 1965, no writ); Reiche v. Williams, 183 S.W.2d 587, 591 (Tex.
Civ. App.--San Antonio 1944), writ ref'd w.o.m., 185 S.W.2d 420 (Tex. 1945). 

 In previous cases in which the limitations period was tolled or possibly tolled due
to a mental condition caused by the accident that was the basis of the lawsuit, the injury was
substantial and prolonged. See Ruiz v. Conoco, Inc., 868 S.W.2d 752, 753 (Tex. 1993) (severe
and permanent head injury); Casu, 881 S.W.2d at 34 (acute psychosis with significant paranoid
features caused by exposure to chemical explosion); Felan v. Ramos, 857 S.W.2d 113, 116 (Tex.
App.--Corpus Christi 1993, writ denied) (unconscious from date of surgery till death two years
later); Parker v. Yen, 823 S.W.2d 359, 361 (Tex. App.--Dallas 1991, no writ) (severe injuries
sustained in automobile accident); Tinkle v. Henderson, 730 S.W.2d 163, 165 (Tex. App.--Tyler
1987, writ ref'd n.r.e.) (brain damage caused by oxygen deprivation). 

 Furthermore, in these cases, the plaintiff's mental condition was not drug-induced. 
Ruiz, 868 S.W.2d at 753 (brain damage); Casu, 881 S.W.2d at 34 (brain damage or psychological
trauma); Felan, 857 S.W.2d at 116 (unconsciousness); Tinkle, 730 S.W.2d at 165 (brain
damage). (1)

 In this case, Hargraves did not suffer a head injury and was never unconscious. 
She alleges only that she was sleepy, groggy, disoriented, unable to think clearly, and unable to
care for herself for two days following the injury. Her condition was relatively minor and was
drug-induced. She knew that she had been injured and under what circumstances. She had two
years, less two days, of unimpaired time in which to file suit timely. 

 Additionally, the purpose behind the tolling provision would not be furthered by
holding that minor mental impairment tolls the limitations period. The limitations period is tolled
for persons of unsound mind for two reasons: first, to protect persons without access to the courts,
and second, to protect persons who are unable to participate in, control, or understand the
progression and disposition of their lawsuit. Ruiz, 868 S.W.2d at 755. Hargraves had access to
the courts for two years. Further, she does not allege that she was unable to participate in and
control a lawsuit during that two-year period. Neither would the evidence support that allegation,
since she was able to work and to file a workers' compensation claim timely during that time. 
We hold, as a matter of law, that minor, drug-induced mental impairment such as that suffered
by Hargraves does not cause the person affected to become a person of unsound mind (2) in the sense
that term is used in Tex. Civ. Prac. & Rem. Code § 16.001(a)(2).

 We conclude that Hargraves' affidavit does not raise a fact issue regarding whether
she suffered from "unsound mind" so as to toll the limitations period. We overrule her single
point of error. The judgment of the trial court is affirmed.




Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: March 8, 1995

Publish

1.   The court in Parker v. Yen, 823 S.W.2d 359 (Tex. App.--Dallas 1991, no writ), does not
state the basis of Parker's mental incompetency. 
2.   For other jurisdictions which have held similarly, see Wiggins v. Edwards, 442 S.E.2d
169, 170 (S.C. 1994) (summary judgment appropriate even though plaintiff was "confused"
and "disoriented" for ten days after accident when she did not lose consciousness or sustain
head injury in accident); Atwood v. Sturm, Ruger & Co., Inc., 823 P.2d 1064, 1065 (Utah
1992) (two week hospitalization inconsequential in affecting plaintiff's legal rights); Eisenbach
v. Metropolitan Transp. Auth., 468 N.E.2d 293, 294 (N.Y. 1984) (holding as matter of law
that condition of unsound mind does not include temporary effects of pain medication even
though plaintiff was confused, disoriented, and unable to effectively attend to his affairs). 
Georgia appellate courts may use a more lenient standard. See generally Lowe v. Pue, 257
S.E.2d 209 (Ga. App. 1979) (affidavit stating that plaintiff was unable to manage her affairs
for three weeks after accident sufficient to raise fact issues precluding summary judgment).