# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-11-00485-CV

**Juan Enriquez, Appellant**

**v.**

**Brad Livingston, in his Official Capacity as the Executive Director of the Texas Department of Criminal Justice, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT NO. D-1-GN-001560, HONORABLE LORA LIVINGSTON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Juan Enriquez, an inmate confined in the Institutional Division of the Texas Department of Criminal Justice who is appearing pro se and in forma pauperis, appeals the dismissal of his suit. Because we conclude that the trial court did not abuse its discretion in dismissing Enriquez's suit pursuant to chapter 14 of the Texas Civil Practice and Remedies Code, we will affirm. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West 2002 & Supp. 2011).

### FACTUAL AND PROCEDURAL BACKGROUND

Enriquez filed suit in district court under 42 U.S.C. § 1983 alleging that, although the prison physician prescribed him a special diet to "remove food harmful to [his] health," Brad Livingston, Executive Director of the Texas Department of Criminal Justice, and John Rupert, a prison warden, failed to take necessary steps to ensure that he was actually provided the prescribed

diet. Enriquez alleged that he was consequently forced to eat food "damaging to his health," resulting in his suffering from chest pain, pain in his legs, difficulty in breathing, and swelling of body parts, all symptoms consistent with high blood pressure brought on by having to eat "the food eaten by the regular prison population." Enriquez asserted that this conduct constituted deliberate indifference to a prisoner's medical needs and violated the state and federal constitutions. He sought declaratory and injunctive relief, as well as nominal and punitive damages.[1]

The defendants filed a motion to dismiss the suit pursuant to sections 14.003 and 14.005(a) of the civil practice and remedies code. *See id.* §§ 14.003(b)(2) (court may dismiss claim if it finds that claim is frivolous because it has no basis in law or fact), .005(a) (requiring inmate to demonstrate he has exhausted administrative remedies). The district court held a hearing at which it heard argument from counsel for the defendants and from Enriquez. Thereafter, the court signed an order dismissing Enriquez's claim "as frivolous for failure to comply with Chapter 14 of the Texas Civil Practices [sic] and Remedies Code," and entered findings of fact and conclusions of law. Enriquez perfected this appeal.

## DISCUSSION

Chapter 14 of the Texas Civil Practice and Remedies Code applies to all suits, such as this one, filed by inmates who declare themselves unable to pay costs. *Id.* § 14.002(a). Section 14.003 authorizes a trial court to dismiss an inmate's claim, filed in forma pauperis, either before

---

[1] At the hearing on the motion to dismiss, Enriquez testified that by that time he was receiving his prescribed diet but still sought to recover damages for the injuries he claimed to have suffered during the period of time he was given the regular prison food.

or after service of process occurs, if it finds the claim to be frivolous. *Id.* § 14.003(a)(2). A claim is considered to have no arguable basis in law, and is therefore frivolous, if a prisoner has failed to exhaust his administrative remedies. *Retzlaff v. Texas Dep't of Crim. Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *see also* Tex. Gov't Code Ann. § 501.008(d) (West 2004) (requiring inmates to exhaust grievance process before pursuing claim in court); Tex. Civ. Prac. & Rem. Code Ann. § 14.005 (referencing government code section 501.008(d)). A claim is also considered to have no arguable basis in law when either the legal theory on which it is based is indisputably meritless or the factual allegations on which it is based are wholly incredible or irrational. *Nabelek v. District Att'y of Harris Cnty.*, 290 S.W.3d 222, 228 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). An inmate's cause of action may not be dismissed merely because the court considers the allegations "unlikely." *Minix v. Gonzales*, 162 S.W.3d 635, 637 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

In two issues, Enriquez argues that the trial court's dismissal was improper. Specifically, he contends that the trial court erred in finding that his suit had no arguable basis in law and was therefore frivolous because (1) his allegations that prison officials refused him physician-prescribed treatment stated a cause of action for which relief could be granted and (2) he complied with the procedural requirements of section 14.005 and thereby demonstrated to the trial court that he had exhausted his administrative remedies. We review a dismissal under chapter 14 for an abuse of discretion. *Leachman v. Dretke*, 261 S.W.3d 297, 303 (Tex. App.—Fort Worth 2008, no pet.). A trial court abuses its discretion if it acts unreasonably or without reference to any

3

guiding rules or principles. *Id.* We review de novo whether the plaintiff's claims have no basis in law such that dismissal on that ground is authorized. *See Retzlaff*, 94 S.W.3d at 653.

### *Did Enriquez comply with section 14.005(a)?*

Section 14.005 of the civil practice and remedies code provides that an inmate who files a claim that is subject to the grievance system established under government code section 501.008 must file with the court (1) an affidavit or unsworn declaration stating the date the grievance was filed and the date the written decision described by section 501.008(d) was received by the inmate and (2) a copy of the written decision from the grievance system. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a)(1), (2). Enriquez's claim is subject to the inmate grievance system. *See* Tex. Gov't Code Ann. § 501.008(a) (West 2004). Section 14.005(a) is clear in its requirement of both an affidavit or unsworn declaration and copies of the written decision from the grievance system. "[I]t is incumbent on the inmate to provide the required information before it comes to the trial court for review. This is especially true because Section 501.008 of the Government Code precludes an inmate from filing a claim until he has exhausted his remedies through the grievance system." *Smith v. Texas Dep't of Crim. Justice*, 33 S.W.3d 338, 341 (Tex. App.—Texarkana 2000, pet. denied). Compliance with section 14.005 is a prerequisite to judicial review of inmate claims. *See Retzlaff*, 94 S.W.3d at 652.

In his original petition, Enriquez alleged that the defendants in this case were informed that he was not receiving the prescribed diet "by personal communication from [him] and by prison grievances submitted by [him]." However, he did not file an affidavit or unsworn declaration stating the dates any grievances were filed or the written decisions received, nor did he

4

attach a copy of any written decisions from the grievance system.  The defendants moved to dismiss

Enriquez's suit for failure to comply with section 14.005.

In response to the motion to dismiss, Enriquez filed a reply in which he attempted to

establish that he had exhausted his administrative remedies by stating:

> Step 1 of the grievance proceeding was completed May 18, 2010, wherein Warden
> Baker replied:
>
>> "Your diet was confirmed and you were provided an armband to identify you
>> being on the list on 3/31/10."
>
> Grievance # 201033444.
>
> Step 2 of the Grievance proceeding was completed on June 14, 2010.  Cheryl Lawson
> replied:
>
>> "You were properly advised at Step 1; therefore no additional action is
>> warranted on this issue at this time."
>
> Grievance # 2010133444 [sic].

Enriquez still did not file an affidavit or unsworn declaration, nor did he attach photocopies of the

written decisions.  Enriquez asserts on appeal, however, that the information provided in his reply

satisfies the requirements of section 14.005(a).  He relies on *Garrett v. Borden*, 283 S.W.3d 852

(Tex. 2009), in which the supreme court held that the requirement that the inmate file "a copy of the

written decision from the grievance system" is met if the inmate files a "hand-typed, verbatim

reproduction of the written decision."  *Id.* at 853-54.  But even if the reproduction of the written

decision contained in Enriquez's reply could otherwise meet the requirement of section 14.005(a)(2)

and serve as a substitute for a copy of the written decision, Enriquez failed to comply with the

requirement in section 14.005(a)(1) that he file an affidavit or unsworn declaration attesting to the fact that a grievance was filed, the date it was filed, and the date he received the response.

At the time the trial court signed the order dismissing Enriquez's case, section 132.002 of the civil practice and remedies code provided that an unsworn declaration must be in writing and "subscribed by the person making the declaration as true under penalty of perjury." *See* Act of June 1, 1987, 70th Leg., R.S., ch. 1049, § 60, 1987 Tex. Gen. Laws 3517, 3540, *repealed by* Act effective Sept. 1, 2011, 82d Leg., R.S., ch. 847, § 2, 2011Tex. Gen. Laws 2119, 2120.[2] Substantial compliance with this section has been found to include: (1) a certificate of verification in which the applicant declared that "all allegations and statements . . . are true and correct to the best of my knowledge," *see Ex parte Johnson*, 811 S.W.2d 93, 97 (Tex. Crim. App. 1991); (2) a signed declaration that "I swear the foregoing statements are true and correct," *see Carson v. Gomez*, 841 S.W.2d 491, 492 (Tex. App.—Houston [1st Dist.] 1992, no pet.); (3) an inmate's "affidavit" stating "I, the undersigned, being presently incarcerated in a penal institution, do hereby declare under oath and penalty of perjury that the facts, statements and allegations set forth . . . are within my personal knowledge and are true and correct." *See Owens v. State*, 763 S.W.2d 489, 490, 492 (Tex. App.—Dallas 1988, pet. ref'd); *McMillan v. State*, 769 S.W.2d 657, 677 (Tex. App.—Dallas 1989, pet. ref'd).

---

[2] The Act repealing section 132.002 was effective September 1, 2011. The Act provides: "An unsworn declaration executed before the effective date of this Act is governed by the law in effect immediately before the effective date of this Act, and that law is continued in effect for that purpose." Act effective Sept. 1, 2011, 82d Leg., R.S., ch. 847, § 2, 2011 Tex. Gen. Laws 2119, 2120. Enriquez filed his reply to the motion to dismiss on June 9, 2011.

The statement contained in Enriquez's reply to the motion to dismiss is different in form and distinguishable from the declarations made in *Johnson*, *Carson*, *Owens*, and *McMillan*. In each of those cases, the pleading in question contained an unsworn declaration and signature at its conclusion that plainly evidenced the declarant's conscious intention to affirm the truth of the statements of fact made therein. There is no similar declaration at the conclusion of Enriquez's reply to the motion to dismiss, nor is there anything to indicate that he intended to attest to the truth of the statements by signing the document. Enriquez's statements made in this pleading do not constitute the unsworn declaration that section 14.005(a)(1) requires. *Cf. Francis v. TDCJ-CID*, 188 S.W.3d 799, 802-05 (Tex. App.—Dallas 2006, no pet.) (excusing failure to file affidavit or unsworn declaration when inmate filed photocopy of written decision on grievance that demonstrated on its face date it was issued). While Enriquez's verbatim recitation of the written response and the date it was issued could satisfy section 14.005(a) if accompanied by an unsworn declaration, the mere inclusion of these statements in the reply to the motion to dismiss does not. The trial court correctly found that Enriquez failed to comply with chapter 14.005(a) and consequently did not abuse its discretion in dismissing the suit. *See Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied) (failure to fulfill chapter 14's procedural requirements results in dismissal of inmate's action). We overrule Enriquez's second appellate issue.

Because the trial court properly dismissed Enriquez's suit for failure to comply with section 14.005, we need not consider his first appellate issue in which he contends that the trial court abused its discretion in dismissing his suit because he failed to state sufficient facts to plead a cause of action. *See* Tex. R. App. P. 47.1.

7

## CONCLUSION

The trial court's dismissal order is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: April 13, 2012